

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00422-CV

_____

ISABELLE EDWARDS, Appellant

V.

KFS LEWISVILLE, LLC, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2025-02331-JP

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

Appellant Isabelle Edwards, acting pro se, attempts to appeal from the trial court's August 5, 2025 order granting Appellee KFS Lewisville LLC's motion to dismiss and awarding KFS Lewisville attorneys' fees pursuant to Texas Rule of Civil Procedure 91a. The order expressly disposes of Edwards's claim but also clearly states that the amount of attorneys' fees awarded has not yet been determined.

We may consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). When, as here, a judgment is rendered without a conventional trial on the merits, the judgment "is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties" even though the statement was included in error and the order "should have been interlocutory." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200, 205 (Tex. 2001).

The trial court's August 5, 2025 order does neither. In fact, it does just the opposite by expressly stating that the attorneys' fees amount has not yet been determined and that "[t]his is not a final order subject to immediate appellate review." Additionally, an interlocutory order granting a Rule 91a motion to dismiss is not appealable. *Hollis v. ProPath Assocs., PLLC*, No. 02-19-00167-CV, 2019 WL 3024472, at *1 (Tex. App.—Fort Worth July 11, 2019, no pet.); *see DRC Constr. v. Pickle*, No. 01-

20-00576-CV, 2022 WL 479918, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) ("No statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims.").

We notified Edwards that we questioned our jurisdiction over this appeal because the order does not appear to be a final judgment or an appealable interlocutory order. *See* Tex. R. App. P. 42.3. We informed her that this appeal could be dismissed for want of jurisdiction unless by March 16, 2026, she filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. We have received no response.

Because the order from which Edwards attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 23, 2026

3